# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1525V
(Not to be Published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

GARY HARRIS,

        Petitioner,

        v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

        Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Special Master Corcoran

Filed: February 6, 2017

Decision; Attorney's Fees and Costs; Influenza ("Flu") Vaccine; Guillain-Barré Syndrome ("GBS").

*Michael A. Baseluos*, Baseluos Law Firm, San Antonio, TX, for Petitioner.

*Amy P. Kokot*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## ATTORNEY'S FEES AND COSTS DECISION[1]

On December 15, 2015, Gary Harris filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that the influenza vaccine that he received on December 21, 2014, caused him to suffer from Guillain-Barré Syndrome. *See* Petition at 1 (ECF No. 1). The parties filed a stipulation for damages on January 17, 2017 (ECF No. 26), which I adopted by decision dated January 18, 2017. ECF No. 28.

---

[1] Although I have not designated this decision for publication, because it contains a reasoned explanation for my actions in this case, it will nevertheless be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now filed a motion requesting final attorney's fees and costs, dated January 27, 2017. *See* ECF No. 32. Petitioner requests reimbursement of attorney's fees and costs in the combined amount of $11,275.00 (representing $11,236.00 in attorney's fees, plus $39.00 in costs). *Id*. In addition, and in compliance with General Order No. 9, Petitioner represents that he incurred $400.00 of litigation-related expenses in conjunction with this proceeding. *See* ECF No. 32-2. Respondent filed a response on February 6, 2017, indicating that she has no objection to the overall amount sought, as it is not an unreasonable amount to have been incurred for proceedings in this case. ECF No. 33.

I approve the requested amount for attorney's fees and costs as reasonable. Accordingly, an award of **$11,275.00** should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Michael A. Baseluos, Esq. I award separate costs payable solely to Gary Harris in the amount of **$400.00**. Payment of this amount represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of Petitioner's motion.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.